Mr. Justice SWAYNE:
I concur with my brother Grier as to the incapacity of the State of Texas, in her present condition, to maintain an original suit in this court. The question, in my judgment, is oné in relation to which this court is bound by the action of the legislative department of the government.
Hpon the merits of the ease, I.agree with .the majority of my brethren.
I am authorized to say that my brother MILLER unites with mé in these views.
The Decree.
The decree overruled the objection interposed by way of plea, in the answer of defendants to the authority of the solicitors of *742 the complainant to institute this suit, and to the right of Texas, as one of the States, of the National Union, to bring- a bill in this court.
It declared the contract of 12th January, 1865, between the Military Board and White and Chiles void, and enjoined White and Chiles from asserting any claim under it, and decreed that the'complainant was entitled to receive the bonds and coupons mentioned in the contract, as having been transferred or sold to White and Chiles, which, at the' several times of service of process, in this suit, were in the possession, or under the control of the defendants respectively, and any proceeds thereof which had come into such possession or control, with notice of the equity of the complainant.
It enjoined White, Chiles, Ilardenberg, Birch, Murray, Jr., and other defendants, from setting up any claim to any of the bonds and coupons attached, described in the first article of said contract, and that the complainant was entitled to restitution of such of the bonds and coupons and proceeds as had come, into the possession or control of the defendants respectively.
And the court, proceeding, to determine for which and how many bonds the defendants respectively were accountable to make restitution of, or make good the proceeds of, decreed that Birch and Murray were so .accountable for eight, numbered in a way stated in t-ho decree, with coupons attached; and one Stewart (a defendant mentioned in the note at page 702), accountable for four others, of which the numbers were given, with coupons; decreed that Birch and Murray, as also Stewart, should deliver to the complainant the bonds for which they -wore thus made accountable, with the coupons, and execute all necessary transfers and instruments, and that payment of those bonds, or any of them, by the Secretary of the Treasury, to the complainant, should be an acquittance of Birch and Murraj', and of-Stewart, to that extent, and that for such payment this decree should be'sufficient warrant to the secretary.
And, it appearing — the decree went on to say — upon the pleadings and proofs, that before the .filing of the bill, Birch and Murray had received and collected from the United States the full amount of four other bonds, numbered, &c., and that Ilardenberg, before the-commencement of the suit, had deposited thirty-four bonds, numbered, &e., in the Treasury Department for redemption, of which bonds he claimed to have received payment *743 from tlieSecretary .of the Treasury-before the service of .process upon him in this suit, in respect to which payment and the effect thereof the counsel for the said Birch and Murray, and. for the said Hardénberg respectively, desired to be heard, it was ordered that time for such hearing should be given to the1 said, parties.
Both' the complainant and the defendants had liberty to apply for further directions in respect to thp execution of the decree.